United States District Court
Eastern District of Michigan

United States of America
       Plaintiff,

v.                                       Case No. 20-mj-30432

D-1 Sameerah Marrell,

       Defendant.

## Stipulation and Order to Adjourn the
## Preliminary Hearing and Find Excludable Delay

The parties stipulate and jointly move for an adjournment of the preliminary hearing and an ends-of-justice continuance under the Speedy Trial Act. In support, the parties state as follows:

Defendant made her initial appearance on the criminal complaint in this district on May 12, 2021. The defendant was released on bond with various conditions. The preliminary hearing was scheduled to take place on June 2, 2021. The parties agreed to continue the preliminary exam to January 31, 2022. The parties are now looking to adjourn that date by approximately 60 days to April 1, 2022.

Counsel for the defendant has contacted the government and requested initial discovery, which will enable the parties to explore the possibility of negotiating a

pre-indictment resolution. If the parties' negotiations result in a plea agreement, this will eliminate the need for this Court to conduct a preliminary hearing. Any pre-indictment plea agreement will also provide that defendant waive her right to be prosecuted by indictment and thus eliminate the need for thegovernment to seek an indictment and consume valuable grand jury resources. Inaddition, reaching a pre-indictment plea agreement would also eliminate the needfor a trial.

In light of the above, the parties submit that there is good cause to adjourn the preliminary hearing. Moreover, defendant has consented to this adjournment, and the adjournment sought is of a limited duration. *See* Fed. R. Crim. P. 5.1(d) ("With the defendant's consent and upon a showing of good cause – taking into account the public interest in the prompt disposition of criminal cases – a magistrate judge may extend the time limits in Rule 5.1(c) one or more times.").

In addition, in light of the above, the parties submit that the ends of justice served by a continuance of the 30-day arrest-to-indictment period under the Speedy Trial Act will outweigh the best interest of the public and the defendants in a speedy indictment. *See* 18 U.S.C. § 3161(h)(7) ("The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed: . . . (7) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel, or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by

taking such action outweigh the best interest of the public and the defendant in a speedy [indictment]."). Such a continuance would allow the parties time to engagein both initial discovery review and pre-indictment plea negotiations without stricttime constraints, and pursue an expeditious and fair resolution of the government's prosecution of the defendants. It would also likely result in the conservation of judicial and prosecutorial resources by eliminating the need for a preliminary hearing and in the conservation of grand jury and prosecutorial resources by eliminating the need for the defendant to be prosecuted by way of a grand jury indictment. And it would also likely result in the conservation of judicial and prosecutorial resources by eliminating the need for a trial.

Accordingly, the parties request that this Court find there is good cause to adjourn the preliminary hearing in this case and order that the preliminary hearing be adjourned until April 1, 2022.  The government also requests that this Court find, based on the information and explanation set forth above, that the ends of justice served by a continuance of the 30-day Speedy Trial Act arrest-to-indictment period will outweigh the best interest of the public and the defendant in a speedy indictment.

The parties request that this ends-of-justice continuance begin on January 31, 2022, and continue through April 1, 2022, and that that period be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

Dawn N. Ison
United States Attorney

 *s/Craig A. Weier*  
Craig A. Weier
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
craig.weier@usdoj.gov
(313) 226-9678

 *s/Steve Fishman (w/ consent)*  
Steve Fishman
Attorney for Sameerah Marrell
615 Griswold, Suite 1125
Detroit, MI 48226
Sfish6666@gmail.com
(313) 962-4090

Date: January 26, 2022

United States District Court
Eastern District of Michigan

United States of America

        Plaintiff,                            Case No. 20-mj-30432

v.

D-1 Sameerah Marrell,

        Defendant.

---

### Order Adjourning the
### Preliminary Hearing and Finding Excludable Delay

---

The Court has considered the parties' stipulation and joint motion to adjourn the preliminary hearing, for a continuance of the 30-day Speedy Trial Act arrest-to-indictment period, and for a finding that the time period from January 31, 2022, to April 1, 2022 qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7).

The reasons for the parties' request include: Counsel for the defendant has contacted the government and requested initial discovery, which will enable the parties to explore the possibility of negotiating a pre-indictment resolution. The government is also preparing initial Rule 11 plea offers for the defendant's consideration. If the parties' negotiations result in plea agreements,

this will eliminate the need for this Court to conduct preliminary hearings.

Based on those reasons described in the parties' submission, the Court finds that there is good cause to adjourn the preliminary hearing in this case and orders that it be adjourned to April 1, 2022. *See* Fed.R. Crim. P. 5.1(d).

In addition, for the reasons stated in the parties' submission, the Court finds that the ends of justice served by a continuance of the 30-day Speedy Trial Act arrest-to-indictment period will outweigh the best interest of the public and the defendant in a speedy indictment. *See* 18 U.S.C. § 3161(h)(7). Accordingly, the Court grants a continuance until April 1, 2022, and orders that the period from January 31, 2022 to April 1, 2022 be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(7).

s/Elizabeth A. Stafford
Elizabeth A. Stafford
United States Magistrate Judge

Dated: January 26, 2022